152 F.3d 678
 Marcia DUFOUR-DOWELL, Yvonne Dufour, and Paulette Dowell, a
minor, by and through her parent and next of
friend, Marcia DuFour-Dowell, Plaintiffs-Appellees,
v.
Stephen W. COGGER and Rick Morgan, Defendants-Appellants.
 Nos. 97-2928, 97-2934.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 13, 1998.
Decided Aug. 10, 1998.
 
 Joseph G. McGraw, Amy L. Sylvestri (argued), Granneman & Sylvestri, Rockford, IL, for Plaintiffs-Appellees.
 Russell W. Hartigan (argued), Chicago, IL, Joseph E. Birkett, Office of the State's Attorney of DuPage County, Wheaton, IL, for Stephen W. Cogger.
 Ellen L. Champagne (argued), Thomas Downing, Joseph E. Birkett, Office of the State's Attorney of DuPage County, Wheaton, IL for Rick Morgan.
 Before RIPPLE, KANNE and EVANS, Circuit Judges.
 TERENCE T. EVANS, Circuit Judge.
 
 
 1
 This is a meritless interlocutory appeal by two police officers who say that the district court erred in denying them a quick exit from this suit following their claim that they enjoy qualified immunity. We cannot, of course, vouch for the truthfulness of the facts alleged by the primary plaintiff against the officers, but here they are as set out by Marcia DuFour-Dowell, whose name we shorten to "DuFour" in this opinion.
 
 
 2
 The claims against the officers arose out of an incident on August 19, 1994, although they were triggered by an event one week earlier on August 11. On that date, at approximately 11:15 p.m., Stephen Cogger, a Village of Hinsdale (Illinois) police officer, followed a car to the driveway of the DuFour home because it had improper lighting around the license plate. The car was driven by a friend of one of the DuFour children. After the stop, Officer Cogger asked, at some point, the ages of Yvonne DuFour (Marcia's daughter) and Ian Kirk, who exited from the vehicle along with their friend, the driver. They were both 17. Officer Cogger made a comment to the effect that "I could bust you for curfew" to Yvonne and Ian. Ms. DuFour then came out of the home and told Yvonne and Ian to "get into the house." They did so. [Officer Cogger has a different version. He says that while he was questioning Yvonne and Ian he said he was going to take them to the police station for a curfew violation. Cogger claims that DuFour said, "You are not taking my daughter anywhere," as she grabbed Yvonne by the shoulder and said, "Get in the house."] After the children went into the house the matter ended--but only for the time being.
 
 
 3
 One week later Officer Cogger went before a court and swore out a complaint against DuFour for obstructing a peace officer in violation of 720 ILCS 5//31-1, a Class A misdemeanor in Illinois. In the complaint Cogger said the charge was based on his contention that DuFour "told her daughter to go into the residence," an action that "obstructed" him in the performance of his role as a police officer. The court issued an arrest warrant for DuFour based on Cogger's complaint.
 
 
 4
 Officer Cogger, now armed with an arrest warrant, came on duty at 10:45 p.m. on the evening of August 18. He decided to execute the arrest warrant that night. Cogger obtained assistance from DuPage County Sheriff's Deputy Rick Morgan, and the two arrived at DuFour's home shortly after midnight (on August 19) to effectuate the arrest. Why a simple summons was not issued or an arrest attempted at a more civilized hour is unexplained in the record.
 
 
 5
 When the officers arrived at the home, DuFour, who had been sleeping, answered the door wearing only a sheer, lightweight nightgown. The officers said they were there to arrest her, and DuFour told them that she wanted to put on some clothes and tell her husband where she was going because she had a house full of children. As she turned into the house to go and slip into appropriate arrestee-wear, Morgan yelled, "Now you've had it, lady," and he and Cogger threw open the door, grabbed DuFour by the arm, threw her face-first down onto the floor, and handcuffed her.
 
 
 6
 After cuffing DuFour the officers kept her down by delivering a hard knee to her back. She was kept down for several minutes, and despite the fact that she was wearing only a sheer nightgown, Morgan said, "Check for a weapon," and he and Cogger patted her down and felt between her legs. While they held DuFour down she had an anxiety attack and began breathing rapidly.
 
 
 7
 As Cogger and Morgan were holding DuFour on the floor, Yvonne walked behind them--she was apparently going to tell her father (Paul Dowell) what was going on--and Morgan jumped up and grabbed her by the back of the neck. He held her for a few seconds and then threw her (or let her fall) to the floor. Later, the officers walked through the house and slammed into Paulette Dowell-DuFour's 8-year-old daughter, knocking her against the wall. Then, according to the complaint, Morgan "backed [Paulette] into a corner and menaced her with his gun and pushed her in the chest with his finger." The other members of the family, husband Paul, son John and nephew Ian, witnessed, and were allegedly upset by, the officers' conduct.
 
 
 8
 After he and Cogger took DuFour away, Morgan swore out additional criminal complaints against her for battery, Ill.Rev.Stat. ch. 720, p 5/12-3(a)(1), and resisting arrest, Ill.Rev.Stat. ch. 720, p 5/31-1. Count one, for resisting arrest, alleged that DuFour knowingly resisted the performance of Richard Morgan of an authorized act within his official capacity, being the arrest of [DuFour], knowing Richard Morgan to be a peace officer engaged in the execution of his official duties, in that she pushed, kicked, and wrestled with Richard Morgan.
 
 
 9
 Count two, for battery, alleged that she "kicked Richard Morgan in the thigh."
 
 
 10
 The original obstruction charge was dismissed, following a court trial, after a state judge found that DuFour's conduct on August 11 did not constitute "obstruction" under Illinois law. The two charges stemming from the August 19 incident were tried to a jury 3 months later. Building on its criminal complaint, the State argued in that trial that DuFour violated the law when (1) she backed away from the door and tried to close it on the officers and indicated that she didn't want to go with them; (2) kicked Morgan and wrestled with both officers; and (3) locked her arms to prevent being handcuffed. DuFour denied that she resisted or otherwise fought with the officers.
 
 
 11
 The jury found DuFour guilty on the resisting charge and not guilty on the battery charge. No one can say for sure what conduct by DuFour the jury found to be "resisting"--it may have been simply turning away at the door, but at any rate no appeal was taken on the verdict.
 
 
 12
 Having allegedly suffered physical pain from the incident--chest, shoulder, and back soreness, as well as various bruises and gashes--along with an anxiety attack and mental distress, DuFour and her family, who also felt victimized, sued Morgan, Cogger, and their employers, the Village of Hinsdale and DuPage County, under § 1983 and state tort law.
 
 
 13
 The bloated complaint the plaintiffs filed contained a boatload of claims, and the defendants moved for summary judgment on all of them. They succeeded in getting the bulk of the claims--and the municipal defendants--dismissed from the suit. In an order dated June 26, 1997, District Judge William Hart left only DuFour's state law battery claim, her § 1983 Fourth Amendment claim, and Yvonne and Paulette's battery claims. Cogger and Morgan, disagreeing with Judge Hart's decision, filed this interlocutory appeal.
 
 
 14
 Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), allows defendants to bring interlocutory appeals under 28 U.S.C. § 1291 to renew arguments that they are entitled to qualified immunity. See Marshall v. Allen, 984 F.2d 787 (7th Cir.1993); Gorman v. Robinson, 977 F.2d 350, 352 (7th Cir.1992). When a party appeals a denial of summary judgment on qualified immunity grounds, we evaluate the record de novo to determine whether we can decide the immunity questions without resolving disputed questions of fact. Hansen v. Bennett, 948 F.2d 397, 398 (7th Cir.1991). If we cannot, then we lack jurisdiction over the appeal of the immunity questions. See Gorman at 354. This is such a case.
 
 
 15
 Simply put, if the officers unnecessarily knocked DuFour to the floor, kneed her in the back, and/or searched under her nightie for a weapon they knew she was not packing, they violated the Fourth Amendment. Because the facts are in hot dispute, the officers cannot seek pretrial refuge behind a claim of qualified immunity. All officers know they cannot conduct business this way, and a fact finder must decide if DuFour can prove that Morgan and Cogger acted in this fashion.
 
 
 16
 Raising a defense of qualified immunity in the face of disputed facts that control the answer to the question is a waste of everybody's time. That's the situation here. The appeal is dismissed for want of jurisdiction.